UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAMMED AKINOLA,<br>Petitioner,<br>v.<br>WARDEN et al.,<br>Respondents. | CASE NO. 2:26-cv-01916-DGE-MLP<br><br>ORDER REJECTING R&R |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 43) and Petitioner Hammed Akinola's objections to the R&R (Dkt. No. 44). For the reasons stated herein, the Court REJECTS the R&R and retains jurisdiction over the matter.

## I BACKGROUND

Petitioner Hammed Akinola, proceeding pro se, is incarcerated by the Federal Bureau of Prisons ("BOP"). (Dkt. No. 1.) Petitioner alleged in this habeas action that 18 U.S.C. § 2241 entitled him to immediate transfer to a residential re-entry center or home confinement. (*Id.*)

Petitioner initially filed this action on November 10, 2025 when confined at FCI Victorville Medium II, located within the Central District of California. (*Id.*) The Central District of California dismissed the petition without prejudice on January 26, 2026 because petitioner failed to demonstrate in forma pauperis status and did not pay the filing fee. (Dkt. Nos. 5, 7.)

On January 20, 2026, Petitioner was transferred to the Federal Detention Center in SeaTac, Washington. (Dkt. No. 10 at 1.)

On February 2, 2026, Petitioner filed a motion to substitute the warden at SeaTac as Respondent in place of the Victorville warden. (Dkt. No. 12.)

On February 9, 2026, Petitioner paid the $5 filing fee. (Dkt. No. 8.)

On May 14, 2026, the Central District of California reopened Petitioner's case. (Dkt. No. 20.) The Central District of California granted Petitioner's motion to substitute on May 22, 2026, substituting in the warden at SeaTac as Respondent. (Dkt. No. 22 at 1–2.)[1]

On May 28, 2026, the Central District of California transferred the action to this District in an order reasoning it no longer had personal jurisdiction over Respondent. (Dkt. No. 23.)

On June 4, 2026, Petitioner was transferred to FCI Forrest City Low, located within the Eastern District of Arkansas. (Dkt. No. 33 at 1.) On June 5, 2026, Petitioner filed a motion to add the BOP as Respondent, which this Court granted on June 16, 2026. (Dkt. Nos. 33 at 2; 38.)

The habeas petition is now ripe for disposition. (Dkt. Nos. 36, 41, 42.)

On September 14, 2026, Judge Peterson issued an R&R finding the Court lacked jurisdiction to grant the petition. (Dkt. No. 43 at 2.) Judge Peterson dismissed Respondents' argument that the Court had jurisdiction to deny the petition in the interests of justice if "no

---

[1] Petitioner filed a subsequent motion before this Court requesting substitution of A. Cooper, FDC SeaTac as the Respondent. (Dkt. No. 27.) Judge Peterson granted this motion on June 16, 2026. (Dkt. No. 30.)

colorable claim for relief has been shown." (*Id.* at 2–3.) Judge Peterson could not conclude that no colorable claim for relief has been shown because different District courts across the country reached different conclusions to the primary question presented by the petition: "whether the BOP's policy of refusing to apply First Step Act time credits toward prerelease custody for inmates with immigration detainers unlawfully exceeds their statutory authority." (*Id.* at 3.)

Petitioner filed timely objections on October 5, 2026. (Dkt. No. 44.)

## II OBJECTIONS AND DE NOVO REVIEW

A district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). Objections to an R&R must be "specific." Fed. R. Civ. P. 72(b)(2). "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear error' on the face of the record before adopting the magistrate judge's recommendation." *Venson v. Jackson*, Case No. 18-cv-02278-BAS-BLM, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).

Petitioner raises four objections: (1) the transfer recommendation does not account for the substantial procedural history of the case and the prejudice caused by further delay; (2) finding Petitioner has a "colorable claim" weighs against further delay; (3) because the petition concerns the execution of Petitioner's federal sentence, it should be resolved without further delay; and (4) "the interests of justice require consideration of the petition without another procedural reset." (*Id.* at 1–4.)

To consider Petitioner's objections and conduct de novo review of the R&R, it is necessary to closely review the procedural history of the case. This review demonstrates this Court has habeas jurisdiction over the present petition.

"Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'" *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241). Establishing jurisdiction for a habeas petition requires a petitioner (1) to file within their district of confinement (*Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004) ("for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement")) and (2) name their immediate custodian as a respondent (*Id.* at 435 ("the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.")). Jurisdiction in the habeas statute does not refer to a district court's subject matter jurisdiction. *Id.* at 434 n.7. Rather, it is better "understood as a question of personal jurisdiction or venue." *Id.* at 451 (Kennedy, J., concurring).

When Petitioner first filed this action on November 10, 2025, he filed in the Central District of California and named the warden of the FCI Victorville Medium II as a respondent. (Dkt. No. 1.) At that time, the Central District of California was the correct court to file in under the "district of confinement" and "immediate custodian" rules. *See Padilla*, 542 U.S. at 443–445. However, the action did not proceed at that time because Petitioner failed to demonstrate in forma pauperis status and did not pay the filing fee, so the Central District of California dismissed the petition without prejudice on January 26, 2026. (Dkt. Nos 5, 7.) *See Young v. United States*, 465 Fed. Appx. 597, 598 (9th Cir. 2012) (district courts may dismiss habeas

petitions for failing to pay filing fee and failing to comply with deadlines set for remedying in forma pauperis deficiencies).

Petitioner paid the $5 filing fee on February 9, 2026, but by such date the petition had been dismissed already. (Dkt. No. 8.) Then, on May 14, 2026, the Central District of California reopened Petitioner's case. (Dkt. No. 20.) The Central District of California granted Petitioner's motion to substitute on May 22, 2026, substituting in the warden at SeaTac as Respondent. (Dkt. No. 22 at 1–2.) However, by that time, Petitioner had been transferred to the Federal Detention Center in SeaTac, Washington. (Dkt. No. 10.) Thus, when the petition was reopened, the Central District of California did not have jurisdiction over Petitioner's petition because Petitioner was not physically confined within the Central District of California on February 9, 2026—meaning neither the district of confinement nor immediate custodian requirements were met.

The Central District of California subsequently transferred the action to the Western District of Washington on May 28, 2026. (Dkt. No. 23.)

Next, Petitioner was transferred to FCC Forrest City Low, a facility located in the Eastern District of Arkansas on June 4, 2026. (Dkt. No. 33 at 3.) Thus, the only period in which both this action and petitioner were in the Western District of Washington was the one-week period between May 28, 2026 and June 4, 2026. However, during that time, the FDC SeaTac Warden, Petitioner's immediate custodian, was a named respondent. (Dkt. No. 22.) During that week, the two requirements for habeas jurisdiction were met: (1) petitioner was located within the district (2) the present action named Petitioner's immediate custodian.

Limited to these facts, moving Petitioner out of the Western District of Washington did not destroy this Court's habeas jurisdiction. Although the general rule in habeas petitions is that

petitioners must file in the district of confinement and name their immediate custodian as respondent, there are several exceptions to this general rule. Relevant here, there is an exception called the *Endo* exception, after the 1944 Supreme Court case *Ex parte Endo*, 323 U.S. 283 (1944). "*Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441; *see also Johnson v. Gill*, 883. F.3d 756, 761 (9th Cir. 2018).

There are currently two Respondents named in this action: the BOP, and A. Cooper, the Warden of FDC SeaTac. (*See* Dkt. No. 38.) While the warden of FDC SeaTac no longer has legal authority to effectuate Petitioner's release, there has been no indication from Respondents that Respondent BOP does not have the legal authority to effectuate Petitioner's release. *See Singh v. U.S. Immigr. & Customs Enf't Field Off. Dir.*, Case No. 2:24-cv-00705-RSL-TLF, 2025 WL 746295, at *7–*8 (W.D. Wash. Feb. 14, 2025), *report and recommendation adopted*, 2025 WL 745629 (W.D. Wash. March 5, 2025) (reasoning lack of indication from respondents that no other official remaining within the court's jurisdiction can effectuate release indicates court retains jurisdiction after petitioner transferred out of the district); *see also Williams v. Warden, FCI Berlin*, 786 F. Supp. 3d 436, 450 (D.N.H. 2025) (holding "where a district court acquires initial jurisdiction over a § 2241 petition brought by a person in federal custody challenging his present physical confinement, the post-filing transfer of the petitioner out of the district does not destroy that jurisdiction so long as a person with the power to effectuate the petitioner's release may be reached by service of process."). Nor did respondents object to adding BOP as a respondent. (Dkt. No. 38 at 2.)

Moreover, the Supreme Court has counseled:

> The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected. Thus, we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements.

*Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty.*, 411 U.S. 345, 350 (1973) (internal quotations and citations omitted)). The unique procedural history of this petition and the potential prejudice to Petitioner if there were further delays counsels this Court to retain jurisdiction under the *Endo* exception. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Although we doubt that the government played forum games or kept moving Griffin so that his filing could not catch up, the result is the same as if that had been the case. Griffin's claim should not be delayed any further.").

## III CONCLUSION

Accordingly, having conducted a de novo review of the R&R, the Petitioner's objections, and the remainder of the record, the Court hereby REJECTS the R&R (Dkt. No. 43). This Court retains jurisdiction over the petition and it shall remain referred to the Hon. Michelle L. Peterson. A copy of this Order shall be sent to the Hon. Michelle L. Peterson.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of October 2026.

David G. Estudillo
United States District Judge